June Term, 1861.

GAMBLE v. LOOP et al.

---

GAMBLE vs. LOOP and others.

To justify the interposition of a court of equity to remove an alleged cloud from a title, the title constituting the cloud complained of must be apparently good against that of the party asking relief.

June Term,
1861.

GAMBLE
v.
LOOP et al.

A complaint to quiet the title to land under section 29, chapter 141, R. S., must show that the defendant sets up a claim to the land. It is not sufficient to aver that he "is doing all he can to dispossess the plaintiff of his interest in and possession of the land."

APPEAL from the Circuit Court for *Columbia* County.

This was an action to remove an alleged cloud from the plaintiff's title to certain land. The complaint states that prior to March, 1852, one Alexander Gamble settled upon and claimed a right of pre-emption of a certain tract of 160 acres belonging to the state; that in that month the plaintiff purchased of said Alexander all his right to 120 acres of the tract, paying him therefor $200, and agreeing to pay the purchase money of the 120 acres when the land should be brought into market; that the contract of purchase was oral except that a receipt for the $200 was given by said Alexander; that in the fall of 1854 or spring of 1855, said Alexander proved up his pre-emption claim to the 160 acres, and the plaintiff furnished him $150 to pay for the 120 acres; that said Alexander, with the money so furnished and with $50 of his own money, entered the 160 acres and requested a duplicate or certificate for the 120 acres in the name of the plaintiff, but one was issued to said Alexander for the whole 160 acres, contrary to his wishes and without the knowledge of the plaintiff; that in the summer of 1859 said Alexander called at the land office to get a deed for the land, and one which had already been executed was handed to him, and he took it home, but finding that it conveyed the whole of the land to him he returned it to the land office, and instead thereof two deeds were issued, one conveying the 120 acres to the plaintiff, dated September 22, 1859, and the other conveying the 40 acres to the said Alexander; that the plaintiff is in the actual possession of said land; that after the plaintiff purchased the 120 acres, and after he paid the $200 to said Alexander, the defendant *Keegan* filed in the office of the clerk of the circuit court of the county of Columbia, where said land is situate, a transcript of a judgment in his favor against said Alexander, and the defendants *Peck* and *Grier* about the same time recovered judgments in said court against said Alexander, on which executions have

been issued, which judgments are a cloud upon the plain-
tiff's title; and that the defendant *Loop* has some interest in
said judgments, "and is doing all he can to increase the
cloud upon the plaintiff's title; and that the plaintiffs in
said judgments are doing all they can to dispossess the plain-
tiff of his interest and possession of said land." Prayer, that
said cloud may be removed from the plaintiff's title, and
that the plaintiffs in said judgments, and said *Loop*, may be
restrained from further proceedings against the plaintiff's
land; and for general relief. The defendants filed separate
demurrers to the complaint. The court sustained the de-
murrers, and dismissed the complaint.

*Alvah Hand*, for appellant:

Where the plaintiff has a legal title and any other person
claims a right or interest in the same land, the plaintiff, un-
der sec. 29, chap. 141, R. S., may file his complaint to quiet
the title. *Clark vs. Drake*, 3 Chand., 253; 5 McLean, 313.

*D. J. M. Loop*, for respondents, contended, among other
things, that the complaint did not show a right to institute a
suit in equity under the statute, because it did not allege
that the defendants claimed title to the land itself, nor
that they had done any act prejudicial to the plaintiff's
rights in the land. The only act they could do authorizing
such a suit would be levying upon and selling this land un-
der their judgments. Story's Eq. Pl., §§ 262, 257, 290, 241,
520, 504, 450; Van Santvoord's Pl., 694–5; *Scott vs. Onder-
donk*, 14 N. Y., 9.

*By the Court*, PAINE, J. We think the court below prop- December 11.
erly sustained the demurrer to the complaint, for the reason
that upon the facts stated, the judgments mentioned consti-
tute no apparent cloud upon the plaintiff's title. It is un-
necessary here to determine what was the effect of the first
deed executed and delivered to Alexander Gamble, inclu-
ding the entire tract, and which was returned to the land
office, that new deeds might be made directly to each party
for his share. Such new deeds were given, and the plain-
tiff's title, as it now appears of record, is good as against the
judgments against Alexander Gamble, for the plaintiff's title

is not traced through him. In order to justify the interposition of a court of equity, the cloud complained of must be apparently good against the title for which the relief is sought. Such is not the case here.

Neither can the complaint be deemed sufficient as a complaint to quiet title under section 29, chapter 141, R. S. It is claimed by the respondents' counsel that the complaint does not show that the plaintiff has the legal title; but without determining that question, it is defective for want of an allegation that the defendants, or any of them, " set up any claim" to the land. It simply avers that they are " doing all they can to dispossess the plaintiff of his interest and possession of said land." They might be doing that wrongfully, without setting up any claim whatever in themselves.

The judgment is affirmed, with costs.